UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PREMIER PACKAGING, LLC Plaintiff

v. Civil Action No. 3:24-cv-427-RGJ

STICKY FINGERS SWEETS AND EATS, INC., *et al.* Defendants

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendants Sticky Fingers Sweets and Eats, Inc., Sticky Fingers Bakery LP, Sticky Fingers Sweets and Eats Recipes, LLC, and Sticky Fingers Bistro, LLC (collectively "Sticky Fingers") move to dismiss for lack of personal jurisdiction. [DE 20]. Plaintiff Premier Packaging, LLC ("Premier Packaging") responded [DE 22] and Sticky Fingers replied [DE 23]. At the Court's request [DE 25], the parties provided supplemental briefs [DE 30; DE 31]. This matter is now ripe. For the reasons below, Sticky Fingers' motion to dismiss [DE 20] is **GRANTED**. Premier Packaging's motion for clarification [DE 29] is **DENIED as moot**.

**I. BACKGROUND**

Premier Packaging provides packaging supplies and related materials. [DE 1 at 4]. The company is headquartered in Louisville, Kentucky. [DE 22-1 at 154]. Sticky Fingers, one of Premier Packaging's clients, operates a vegan bakery in Washington, D.C. [DE 23-1 at 213]. This case arises from three transactions between the parties. [DE 22-1 at 155]. Relevant events took place between early 2021 and May 2024. [DE 1 at 5–9]. Premier Packaging alleges that Sticky Fingers failed to pay for a "Flow Wrapper" machine, as well as supplies for the machine and custom mailers. [DE 1 at 5–10]. Sticky Fingers maintains that delays and malfunctions with the Flow Wrapper and supplies resulted in losses for Sticky Fingers' business. [DE 23-1 at 214–16].

Premier Packaging asserts that Sticky Fingers worked and corresponded with several Premier Packaging representatives located in Kentucky. [DE 22-1 at 155–57]. Sticky Fingers was asked to route payments to Kentucky. [*Id.* at 156–57, 182–85]. And two Premier Packaging employees "travel[led] from Louisville, Kentucky" to assist Sticky Fingers with the Flow Wrapper machine in Washington, D.C. [*Id.* at 158].

In contrast, Sticky Fingers asserts that Premier Packaging "operates nationally," not just in Kentucky. [DE 23-1 at 216]. According to Sticky Fingers' owner, Doron Petersan, his "primary contact" at Premier Packaging worked in Maryland. [*Id.* at 213–14, 216; *see also* DE 22-1 at 158]. All in-person meetings between Premier Packaging and Sticky Fingers personnel occurred in Washington, D.C. [DE 23-1 at 216]. The Flow Wrapper was manufactured by a nonparty in Ohio and did not stop in Kentucky before ultimately arriving in Washington, D.C. [*Id.* at 214, 216]. Sticky Fingers also notes that some of Premier Packaging's documents "directed payment to" an Illinois address and "listed" a California address. [DE 23-1 at 216; *see also* DE 1-3 at 19; DE 1-4 at 22; DE 1-6 at 27].

Premier Packaging filed suit on July 24, 2024, claiming breach of contract, unjust enrichment, and promissory estoppel/detrimental reliance. [DE 1 at 10–12]. Sticky Fingers responded with a Rule 12(b)(2) motion asserting lack of personal jurisdiction. [DE 20 at 120–21]. After initial briefing, *see* LR 7.1(c), and at the Court's request [DE 25], the parties provided supplemental briefs [DE 30; DE 31]. Sticky Fingers requests oral argument [DE 20-1 at 131], but no party requests discovery or an evidentiary hearing.

## II. STANDARD

"Federal courts are both empowered and constrained by personal jurisdiction, which establishes 'the types of litigants the federal courts may bind with their judgments . . . .'" *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 438 (6th Cir. 2022) (quoting *Canaday v. Anthem*

*Cos., Inc.*, 9 F.4th 392, 395 (6th Cir. 2021)). "Without personal jurisdiction the court is powerless to proceed to an adjudication." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903–04 (6th Cir. 2006) (quotation marks omitted). "A motion to dismiss under Rule 12(b)(2) involves burden shifting: after the plaintiff makes a prima facie case for personal jurisdiction, which can be done 'merely through the complaint,' the burden shifts to the defendant." *Peters Broad. Eng'g*, 40 F.4th at 437 (quoting *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020)). If the defendant's motion is "supported by evidence," *id.*, the burden returns to the plaintiff, "who may no longer 'stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction,'" *Malone*, 965 F.3d at 504 (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

"In deciding a motion to dismiss for lack of personal jurisdiction, the district court may rely 'upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.'" *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Theunissen*, 935 F.2d at 1458). It is ultimately the plaintiff's burden to establish the Court's personal jurisdiction over each defendant individually. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980); *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548 (6th Cir. 2016); *Days Inns*, 445 F.3d at 904. However, "that burden is 'relatively slight' where . . . the district court rules without conducting an evidentiary hearing." *MAG IAS Holdings*, 854 F.3d at 899 (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). "The court must view the pleadings and affidavits in a light most favorable to the plaintiff and not weigh 'the controverting assertions of the party seeking dismissal.'" *Ingram Barge Co. v. Zen-Noh Grain Corp.*, 3 F.4th 275, 278 (6th Cir. 2021) (quoting *Air Prods. & Controls*, 503 F.3d at 549).

## III. ANALYSIS

Courts primarily recognize "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). "A court may assert general jurisdiction" only if the defendant is "essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction depends on "an affiliation between the forum and the underlying controversy," meaning "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear*, 564 U.S. at 919). Here, the parties agree that all named Sticky Fingers entities are out-of-state defendants.[1] [DE 22 at 147; DE 23 at 205]. General jurisdiction is not an issue. *E.g. Johnson v. Griffin*, 85 F.4th 429, 432 (6th Cir. 2023). Premier Packaging only asserts that "[t]his Court has specific jurisdiction over Sticky Fingers." [DE 22 at 147].

### A. Kentucky's Long-Arm Statute

"When sitting in diversity, a federal court may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021); *see also Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Accordingly, a federal court must consider both the forum state's long-arm statute and the defendant's federal due process protections. *Johnson*, 85 F.4th at 432; *Power Invs., LLC v. SL EC,*

---

[1] As previously noted [DE 25 at 219–20], in a diversity case, all parties—including corporations and unincorporated entities alike—must file disclosure statements naming and identifying "the citizenship of . . . every individual or entity whose citizenship is attributed" to them. Fed. R. Civ. P. 7.1(a)(2). Unincorporated entities such as limited liability companies and limited partnerships have the citizenships of each member or partner. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Sticky Fingers represents it has no connection to Kentucky in the briefing on the motion to dismiss. Nonetheless, each of its entities named in a diversity case must advise the district court of its citizenships.

*LLC*, 927 F.3d 914, 917 (6th Cir. 2019). But if the forum state's long-arm "extends its jurisdiction to due process's limits," these inquiries merge, and due process is all that must be addressed. *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019).

Until recently, Kentucky's long-arm statute "enumerated" limited bases for personal jurisdiction over out-of-state defendants. *See Blessing*, 988 F.3d at 901 (discussing Ky. Rev. Stat. § 454.210); *see also Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011). But the Kentucky General Assembly has amended the statute. 2024 Ky. Acts ch. 157, sec. 3. Effective July 15, 2024, courts in Kentucky "may exercise personal jurisdiction over . . . a party . . . on *any basis* consistent with the Constitution of Kentucky and the Constitution of the United States." Ky. Rev. Stat. § 454.210(2) (emphasis added); *see also* Ky. Const. § 55. Kentucky and federal due process rights are coextensive. *Williams v. City of Stanford, Kentucky*, 533 F. Supp. 3d 512, 534 (E.D. Ky. 2021); *cf. Gasaway v. Commonwealth*, 671 S.W.3d 298, 333 (Ky. 2023) (citing *Brashars v. Commonwealth*, 25 S.W.3d 58, 61–62 (Ky. 2000)).

The parties agree that the statute has become a due process long-arm. [DE 30 at 232; DE 31 at 239]. But they disagree over which version of the long-arm applies here. Premier Packaging submits that the amended statute "is the operative version" because the amendment took effect before Premier Packaging's complaint was filed. [DE 30 at 232]. Sticky Fingers cites Ky. Rev. Stat. § 446.080(3), which generally prohibits the retroactive application of statutes, and argues that the amendment "does not apply retroactively to any date before July 15, 2024." [DE 31 at 240].

Kentucky's recent amendment to its long-arm statute "does not appear to be retroactive. After all, it doesn't say that it is." *Bell v. Kokosing Indus., Inc.*, No. 23-5791, 2024 WL 3549581, at *5 (6th Cir. July 26, 2024) (looking to "the time of filing" and citing § 446.080(3) ("No statute shall be construed to be retroactive, unless expressly so declared.")). Accordingly, we apply the

long-arm statute that was in effect at the time of filing. *See Tew v. MCML Ltd.*, No. 5:23-CV-00345-GFVT, 2024 WL 4333681, at *5 (E.D. Ky. Sept. 27, 2024) (applying the statute in effect at the "time of filing").

**B. Sticky Fingers' Due Process Protections**

"The Fourteenth Amendment's Due Process Clause limits state courts' ability to exercise jurisdiction over an out-of-state defendant." *Johnson*, 85 F.4th at 432 (citing *Walden*, 571 U.S. at 283). Analysis "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (cleaned up). Courts in the Sixth Circuit "apply a three-part test to determine whether the exercise of personal jurisdiction . . . comports with constitutional due process." *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023) (quotation marks omitted).

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the claims must arise out of or relate to the defendant's contacts with the forum. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (cleaned up).

**1. *Purposeful Availment***

For a court to exercise personal jurisdiction, the defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum State." *Ford*, 592 U.S. at 359 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Sullivan*, 79 F.4th at 671. The question is whether the defendant "acted or caused a consequence" in the forum state "such that he invoked the benefits and protections" of its laws. *MAG IAS Holdings*, 854 F.3d at 900 (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Premier Packaging argues that "Sticky Fingers purposefully availed itself of the privilege of acting in Kentucky" because "this case. . . entails several phone calls and dozens of substantive

email communications over the course of several years, all purposefully directed at Kentucky residents working for a Kentucky company." [DE 22 at 147–48]. Sticky Fingers replies that its primary contact was in Maryland, not Kentucky, and that it did not know the location of every Premier Packaging employee it communicated with. [DE 23 at 206]. Sticky Fingers also notes that it lacks any physical presence in Kentucky, that it is not licensed to do business in Kentucky, and that its employees never traveled to Kentucky. [DE 20-1 at 125].

"The Supreme Court has said that purposeful availment exists if the defendant created a 'substantial connection' with the forum state by engaging in 'significant activities within [the] State,' or by creating 'continuing obligations' to residents in that state." *MAG IAS Holdings*, 854 F.3d at 900 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)). On the other hand, "entering into a contract with an out-of-state party *alone* does not automatically establish sufficient minimum contacts" for personal jurisdiction. *Air Prods. & Controls*, 503 F.3d at 551 (emphasis in original). This case involves three discrete purchase agreements, not necessarily an extended or intimate business relationship. *See MAG IAS Holdings*, 854 F.3d at 900; *see also Air Products & Controls*, 503 F.3d at 551. Sticky Fingers did not "establish[] a close working relationship" with Premier Packaging or its Kentucky employees. *See MAG IAS Holdings*, 854 F.3d at 900. The parties' business dealings in this case do not demonstrate purposeful availment.

Neither do Sticky Fingers' communications with Premier Packaging's employees establish sufficient minimum contacts, even if several of those employees were located in Kentucky. Unlike defendants' communications in some tort or fraud cases, Sticky Fingers' communications with Premier Packaging are not "the heart of the lawsuit." *See Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001); *see also Blessing*, 988 F.3d at 905 (listing cases). Rather, the communications were "merely incidental" to the parties' transactions and subsequently Premier Packaging's contract and

quasi-contract claims. *See Neal*, 270 F.3d at 332; *see also Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 395 (6th Cir. 1997). Sticky Fingers' undisputed lack of physical presence in Kentucky is also "certainly . . . relevant." *MAG IAS Holdings*, 854 F.3d at 900.

In short, Sticky Fingers did not conduct activities "within" Kentucky, and the parties' contractual relationship was not "centered" in Kentucky. *See Ford*, 592 U.S. at 359. Sticky Fingers did not purposefully avail itself of the privilege of conducting activities in Kentucky.

**2. *Relationship Between Claims and Contacts***

"The Due Process Clause next requires that the plaintiff's claim[s] '"arise out of or relate to the defendant's contacts" with the forum' state." *Sullivan*, 79 F.4th at 671 (quoting *Ford*, 592 U.S. at 359). The defendant's contacts must "be 'related to the operative facts of the controversy.'" *MAG IAS Holdings*, 854 F.3d at 903 (quoting *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002)). "[T]his is a 'lenient standard,' requiring only that the cause of action have a 'substantial connection' to the defendant's activity in the state." *MAG IAS Holdings*, 854 F.3d at 903 (quoting *Bird*, 289 F.3d at 875); *see also Walden*, 571 U.S. at 284. A causal relationship is not required. *Ford*, 592 U.S. at 361.

Despite this lenient standard, a defendant's relationship with the *plaintiff* does not necessarily equal contacts with the plaintiff's home jurisdiction. *Walden*, 571 U.S. at 285–86 (citing *Rush*, 444 U.S. at 332); *see also Blessing*, 988 F.3d at 904. For example, "the mere existence of a debtor-creditor relationship" does not subject the debtor "to personal jurisdiction in the creditor's forum state for any claim related to that debt." *Air Prods. & Controls*, 503 F.3d at 553 n.2. Here, the mere fact that Sticky Fingers conducted business with a company headquartered in Kentucky does not subject Sticky Fingers to jurisdiction in Kentucky.

Furthermore, a *plaintiff's* connections to a forum-state cannot cover for a defendant's lack of connections to that state. *Walden*, 571 U.S. at 284 (citing *Helicopteros Nacionales de Colombia*,

*S.A. v. Hall*, 466 U.S. 408, 417 (1984)). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290 (discussing *Calder v. Jones*, 465 U.S. 783 (1984)); *see also Blessing*, 988 F.3d at 906–07. Here, "the fact that the claimed injury to [Premier Packaging]'s purse may be said to have been suffered in [Kentucky] is not material if [Sticky Fingers] did not purposefully avail [itself] of the protection of [Kentucky] law." *Int'l Techs. Consultants*, 107 F.3d at 394 (citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1302–03 (6th Cir. 1989)). As discussed above, Sticky Fingers did not.

Premier Packaging argues that its claims arise from Sticky Fingers' contacts with Kentucky because Sticky Fingers contracted "for services Premier [Packaging] performed in Kentucky." [DE 22 at 148]. Premier Packaging relies on *Speedeon Data, LLC v. Integrated Direct Mktg., LLC*, where an out-of-state defendant stopped paying for the plaintiff's services. 718 F. App'x 333, 335 (6th Cir. 2017). That case is distinguishable. In *Speedeon Data*, the plaintiff provided "consumer data" from within the forum state, where its work was both "performed" and "completed." *Id.* at 355–56. Here, Premier Packaging sold tangible goods that were delivered outside Kentucky—in fact, the Flow Wrapper was not even shipped from Kentucky. While some Premier Packaging employees worked in Kentucky, others, including Sticky Fingers' primary point of contact, did not. The in-person services Premier Packaging provided were incidental to its sales of goods and were performed in Washington, D.C. [DE 22-1 at 158].

For personal jurisdiction to exist, there must be "an affiliation between the forum and the underlying controversy," meaning "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919). This case lacks sufficient "activity or occurrence" in Kentucky that could be sufficiently connected to "the operative facts of the controversy." *See Bird*, 289 F.3d at

875. In short, Premier Packaging's claims do not arise out of or relate to Sticky Fingers' contacts with Kentucky.

**3. *Reasonableness***

An out-of-state defendant's due process protections require any exercise of personal jurisdiction to be "reasonable." *Sullivan*, 79 F.4th at 670. In other words, exercising jurisdiction must "comport with traditional notions of fair play and substantial justice." *Id.* at 674 (quotation marks omitted); *see also Ford*, 592 U.S. at 358; *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). "[T]he 'primary concern' is 'the burden on the defendant.'" *Bristol-Myers Squibb*, 582 U.S. at 263 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). Additional concerns are the forum state's interest, other states' interests, and the plaintiff's interest in obtaining relief. *MAG IAS Holdings*, 854 F.3d at 904; *Air Prods. & Controls*, 503 F.3d at 555 (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005)); *see also Ford*, 592 U.S. at 360.

Premier Packaging argues that asserting personal jurisdiction over Sticky Fingers would be reasonable because Kentucky has a "manifest interest" in providing a forum for redress of a resident's injuries. [DE 22 at 148–49]. Premier Packaging also suggests that Ohio—where the Flow Wrapper was manufactured—has no greater interest in this case than Kentucky does. [*Id.* at 149–50]. In light of the Court's findings at steps one and two of due process analysis, there is no inference or presumption here that exercising jurisdiction over Sticky Fingers would be reasonable. *See Sullivan*, 79 F.4th at 674; *see also Burger King*, 471 U.S. at 476. In fact, "it would be imminently unreasonable to subject [Sticky Fingers] to the personal jurisdiction of a federal court located in Kentucky." *Spectrum Scan, LLC v. AGM California*, 519 F. Supp. 2d 655, 662 (W.D. Ky. 2007). Premier Packaging remains free to pursue its claims in an appropriate forum. *See MAG IAS Holdings*, 854 F.3d at 904.

**C. Dismissal vs. Transfer**

"[A] district court can, in its discretion, transfer, rather than dismiss, a case where it otherwise lacks personal jurisdiction." *Ingram Barge Co. v. Louis Dreyfus Co., LLC*, 455 F. Supp. 3d 548, 558 (M.D. Tenn. 2020), *aff'd*, 851 F. App'x 612 (6th Cir. 2021) (citing *Stanifer v. Brannan*, 564 F.3d 455, 458–61 (6th Cir. 2009)); *accord* 28 U.S.C. §§ 1406(a), 1631.

Premier Packaging attached some Flow Wrapper documentation to its complaint, including a forum-selection clause that references Cuyahoga County, Ohio. [DE 8-1 at 76]. In its motion to dismiss, Sticky Fingers argues that the clause "demonstrates . . . a tacit acknowledgement by Premier [Packaging] that Kentucky is an improper place for this case to be decided." [DE 20-1 at 126]. Premier Packaging responds that the forum-selection clause was "inapplicable" and should not be enforced in this case. [DE 22 at 150]. Because neither side's briefs directly address the possibility of transferring this case to another jurisdiction, the Court requested supplemental briefing on the issue. [DE 25 at 221].

Premier Packaging argues that, in light of the forum-selection clause, this case could be transferred to the Northern District of Ohio. [DE 30 at 235–37]. Alternatively, Premier Packaging argues that this case could be transferred to Sticky Fingers' home jurisdiction, the District of Columbia. [*Id.* at 237]. Sticky Fingers maintains that this case should be simply dismissed and posits that Premier Packaging "will have plenty of time to refile . . . in Ohio, the District of Columbia, or any other jurisdiction." [DE 31 at 247].

Before transferring a case "to cure want of jurisdiction," the Court must be satisfied that the case could have been originally filed with the receiving court. *See* 28 U.S. Code § 1631. As Premier Packaging notes, this case is about more than the Flow Wrapper's terms and conditions. [DE 22 at 151]. The scope of the forum-selection clause, whether it represents an agreement among the parties to this case, and ultimately whether this case could have been brought in its entirety in

the Northern District of Ohio remain unclear from the existing record. Accordingly, this case will not be transferred. The Court's dismissal without prejudice is not a comment on the merits of the case, and Premier Packaging may choose where to refile its complaint.

## IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Sticky Fingers' motion to dismiss [DE 20] is **GRANTED**. Premier Packaging's motion for clarification [DE 29] is **DENIED as moot**. This matter is **DISMISSED without prejudice**.

Rebecca Grady Jennings, District Judge
United States District Court

January 31, 2025